UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| William Hoover,<br><br>           Plaintiff,<br>v.<br><br>Diversified Adjustment Service, Inc. ; and DOES 1-10, inclusive,<br><br>           Defendants. | Civil Action No.: _____ |

## COMPLAINT

Plaintiff, William Hoover, says by way of Complaint against Defendant, Diversified Adjustment Service, Inc., as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendant and its agents in their illegal efforts to collect a consumer debt.

2. This Court has supplemental jurisdiction over all other claims in this action, as all such claims arise out of the same case or controversy as Defendant's violations of the FDCPA pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of New Jersey.

## PARTIES

4. The Plaintiff, William Hoover ("Plaintiff"), is an adult individual residing in Barnegat, New Jersey, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Diversified Adjustment Service, Inc. ("Diversified"), is a Minnesota business entity with an address of 600 Coon Rapids Boulevard, Coon Rapids, Minnesota 55434, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Diversified and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Diversified at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. The Plaintiff's sister Merissa Hoover allegedly incurred a financial obligation (the "Debt") to creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Diversified for collection, or Diversified was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B. Diversified Engages in Harassment and Abusive Tactics**

12. Within the last year, Diversified contacted Plaintiff in an attempt to collect the Debt, which was allegedly incurred by Plaintiff's sister Merissa Hoover. Plaintiff is not the debtor and is in no way associated with the Debt.

13. Diversified employed automated dialers with pre-recorded messages to place calls to Plaintiff in an attempt to collect the Debt.

14. Diversified called Plaintiff at an excessive rate, placing calls to Plaintiff's residential telephone on a daily basis.

15. Each time, pre-recorded message stated that the call was an attempt to collect the Debt from Merissa Hoover and gave a call back number.

16. Plaintiff repeatedly returned Diversified's call and informed Diversified that the debtor Merissa Hoover did not reside with Plaintiff and could not be reached at Plaintiff's number.

17. Plaintiff further advised Diversified that the repeated collection calls were highly inconvenient to Plaintiff and oftentimes woke his three small children from sleep.

18. Plaintiff repeatedly requested that Diversified remove his telephone number from their call list.

19. However, despite being informed of the foregoing, Diversified continued calling Plaintiff in an attempt to collect the Debt, causing Plaintiff a great amount of frustration and distress.

20. Oftentimes, Diversified used loud and abusive tactics with Plaintiff speaking to him in a derogatory manner, stating that Diversified would not stop calling Plaintiff until Plaintiff provided them with debtor's whereabouts.

21.     When Plaintiff informed Diversified that he had not been talking to his sister and had no information about the debtor, Diversified responded: "I can't guarantee that the calls will stop".

### C. Plaintiff Suffered Actual Damages

22.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

23.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

24.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

25.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.     The Defendants' conduct violated 15 U.S.C. § 1692c(a)(1) in that Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff.

27.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

28. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

29. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair or unconscionable means to collect any debt.

30. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31. The Plaintiff is entitled to damages as a result of Defendants' violations.

## COUNT II
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The Restatement of Torts, Second, § 652(b) ascribes liability for intrusion upon seclusion where one individual, "intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns," and further states that "[said individual] is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

34. New Jersey further recognizes Plaintiff's right to be free from invasions of privacy.  Thus, the Defendant violated New Jersey state law.

35. The Defendants' telephone calls to the Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding [the Plaintiff]," and "a substantial burden to [his] existence," amounting to an invasion of privacy as defined by the Restatement of Torts, Second, § 652(b).

36. The Defendants' conduct of engaging in the foregoing illegal collection activities resulted in multiple invasions of privacy that would be considered highly offensive to a reasonable person.

37. As a result of the intrusions and invasions enumerated above, the Plaintiff is entitled to actual damages from the Defendants in an amount to be determined at trial.

38. All acts of the Defendants and their agents were committed with malice, intent, wantonness, and recklessness, and as such, the Plaintiff is entitled to punitive damages from the Defendants.

## COUNT III
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, et seq.

39. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. Without prior consent the Defendants made telephone calls to the Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the Plaintiff in violation of 47 U.S.C. § 227(b)(1)(B).

41. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the Telephone Consumer Protection Act, including every one of the above-cited provisions.

42. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional,

reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

5. Liquidated damages;

6. Punitive damages; and

7. Such other and further relief that the Court may deem just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: July 17, 2012

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg & Associates LLC
1100 Summer Street
Stamford, CT 06905
Phone: (917) 981-0849
Fax:    (888) 953-6237